No. ¡14,224.

## TOWN OF CROWLEY VS. J. W. H. RUCKER.

### SYLLABUS.

1. The town of Crowley is authorized to erect and maintain a public market-house, and has legal authority to enact reasonable ordinances requiring articles of food, intended for daily consumption, usually sold in town markets, to be vended at and in such market-house only, and to prescribe reasonable penalties in enforcement of such ordinances.
2. That part of Section 33 of· Act 136 of 1898 providing for the inscription of ordinances adopted by municipalities in a book kept for the purpose, is held to be *directory* merely.

APPEAL from Mayor's Court, Town of Crowley—*Campbell, Mayor.*

*Thomas R. Smith* and *Hampden Story,* for Plaintiff, Appellee.

*Barry & McCain,* for Defendant, Appellant.

The opinion of the Court was delivered by

BLANCHARD, J.   Defendant appeals from a sentence of the Mayor's Court condemning him to pay a fine of fifteen dollars.

Nowhere in the transcript do we find the specific charge preferred against him, but we gather from the briefs that he was prosecuted for violating a municipal ordinance forbidding the sale of certain perishable products and articles of consumption outside of the public market established for the purpose.

We find in the transcript two ordinances adopted by the municipality of Crowley.   One of these prescribes that fresh meats, fish, vegetables, poultry, game, and other articles usually found for sale at markets, shall not be sold in the town outside of what is called the "Crowley Central Market," except as to certain limits of the town which are not to be effected by the ordinance; the other establishes the public market referred to and regulates the letting and leasing of the stalls and stands of the same, fixing the rates and charges, etc.

It, too, directs that fresh meats, poultry, fish, game, vegetables, etc., within the prescribed limits, shall be taken to and sold in the public market, with this modification, that vegetables, melons, celery, live poultry, small game, etc., produced in the town or vicinity and brought

to·market by wagon, the owners of which have paid the regular market fees, may, by permit obtained, sell such articles on the streets between the hours of 10 o'clock A. M. and 5 o'clock P. M. of each day.

This ordinance, last referred to, covers much in the way of regulation of the market matters of the town, containing in all twenty-two articles.

We are not called upon, in determining the instant case, to consider each section or provision of the ordinance, with the view of ascertaining whether or not, in any part thereof, the town council may have transcended its powers. It may be the ordinance in part is valid and in part not valid. We do not decide this.

We are, for the present, concerned only with that part of the ordinance which is in *pari materia* with the ordinance first alluded to, for it is for violation of the first ordinance, and those parts of the second relating to the same subject matter, that the defendant stands convicted.

His answer calls in question the constitutionality and legality of both ordinances, and the appeal lies here because the constitutionality and legality of the fine imposed upon him is put at issue.    Constitution, Art. 85.

The question presented admits no longer of any doubt.    The charter of this corporation gives it the power:

To establish and maintain, and to provide for the government and regulation of markets, market-houses and places, and meat shops, and to collect a license tax therefrom and determine the amount of the license to be paid therefor; and when the municipality owns a market-house or houses, to fix the rental value thereof, and of stalls and booths therein.

Carrying this grant of authority into effect, the town Council of Crowley could erect or have erected a public market house, and could legally enact reasonable ordinances requiring the articles of food intended for daily consumption, usually sold in markets and hereinbefore enumerated, to be vended at and in such market house only, and could legally prescribe reasonable penalties in enforcement of such ordinances. We find nothing unreasonable in those parts of the ordinances in question, properly before the Court.

For a full review of this and kindred questions, see the opinion of Mr. Justice Monroe in City of New Orleans vs. Faber, 105 La. 209, and the authorities therein cited and quoted.

We find that the ordinances attacked were properly promulgated by newspaper publication as the charter directs. The point made that no effect can be given to them because they do not appear to have been transcribed in an "Ordinance Book" provided for that purpose as required by Section 33 of Act 136 of 1898, is without force.

That part of the statute referred to, providing for the inscription of ordinances adopted by municipalities in a book kept for the purpose, is *directory* merely. Because a town council, or its clerk, should happen to neglect its or his duty in this respect, does not strike with nullity ordinances regularly adopted and otherwise legal.

There is no error in the judgment appealed from and the same is hereby affirmed.